UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAUREN JACKSON,
    Plaintiff,
-vs.-                                  **DEMAND FOR JURY TRIAL**

ELTMAN, ELTMAN & COOPER, P.C.,
a foreign professional corporation
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Lauren Jackson, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

# JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

1

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Washtenaw County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Eltman Eltman & Cooper, P.C. which is a foreign professional corporation, that conducts business in Albany County.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Washtenaw County, Michigan.

7. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Plaintiff had a credit account with Providian Bank which she used to purchase goods and/or services for personal, family or household purposes. Any resulting obligation to

pay money was a "debt" as the term is defined and/or used in the FDCPA, MCPA and MOC ("The Debt").

9. Defendant obtained a judgment against the Plaintiff on that credit card and has attempted to collect on that judgment. This Judgment was obtained in 2007.

10. On or about April 18, 2014, Plaintiff received a two page fax from Defendant. This fax was addressed to Plaintiff's employer. On both pages of this fax, it says, "Collection." Plaintiff was embarrassed that the above fax said "Collection" and that her boss saw it.

11. On or about April 21, 2014, Plaintiff attempted to call Defendant using the phone number (212) 660-3134 that was provided on the fax and the number was not working.

12. Plaintiff then googled Defendant, found their general number and called it. During this conversation, Plaintiff asked to speak with Theresa Middleton, the representative who sent the fax.

13. During this conversation, Ms. Middleton asked Plaintiff her name, her employer name, and her full social security number. Plaintiff gave this information to Ms. Middleton. Ms. Middleton then told Plaintiff that she was not allowed to talk with her and that she would have to have her supervisor call Plaintiff back. Plaintiff repeatedly asked Ms. Middleton what the fax was regarding since she was the one who sent the fax to her HR Department. Ms. Middleton kept on telling Plaintiff that she would have to have her supervisor contact her.

14. To date, Plaintiff has not received any more forms of communication from Defendant nor has she heard from Defendant's supervisor.

15. On or about April 30, 2014, Plaintiff called Defendant because she wanted to know to whom she owed this alleged debt. Defendant told Plaintiff that the person that she needed to speak with was unavailable. Plaintiff told Defendant that she was not getting off the

phone until someone would talk to her. She indicated that it had been over a week since she talked to them when they said they would call her back. Plaintiff spoke with a representative named Lou who told Plaintiff that she needed to speak with a person named Sharon Murphy. Plaintiff told Lou that she needed to know to whom she owed the debt because she needed to provide that information to her attorney. Plaintiff told Lou that she would call Sharon back that day at 5:30 p.m.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates the preceding allegations by reference.
17. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.
18. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.
19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).
20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:
    a. 15 U.S.C. §1692c(b) by communicating with any person other than a consumer in connection with the collection of any debt.
    b. 15 U.S.C. §1692b(2) by communicating with any person other than the consumer and stating that the consumer owes a debt by writing "collection" at the top of the fax

    c. 15 U.S.C. §1692g(a)(1)-(5) by failing to provide any type of demand letter to Plaintiff

21. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

22. Plaintiff incorporates the preceding allegations by reference.

23. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

24. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

25. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915a by communicating with the Plaintiff is a deceptive and misleading manner. Defendant holds itself out to be a professional corporation and misled the Plaintiff into believing that it's a law firm when in fact, its not;

    b. MCL §339.915i by communicating information related to the Plaintiff's indebtedness to her employer without legal justification, excuse or Plaintiff's permission.

26. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

27. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

28. Plaintiff incorporates the preceding allegations by reference.

29. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

30. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

31. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252a by communicating with the Plaintiff is a deceptive and misleading manner.  Defendant holds itself out to be a professional corporation and misled the Plaintiff into believing that it's a law firm when in fact, its not;

    b. MCL §445.252i by communicating information related to the Plaintiff's indebtedness to her employer without legal justification, excuse or Plaintiff's permission.

32. Plaintiff has suffered damages as a result of these violations of the MCPA.

33. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

May 9, 2014

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com